UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 03-247

MELVILLE BORNE, JR                          SECTION: "J"

## ORDER AND REASONS

Before the Court is Defendant's Motion For An Order Requiring The Government To Perform Under The Forfeiture Provision Of The Plea Agreement And Sentence. (Doc. 117.) The Government opposes the motion (Doc. 121.) For the following reasons, the Court finds that the motion should be DENIED.

## BACKGROUND

Defendant was charged with health care fraud, pension fund fraud, mail fraud, and money laundering. The Government alleged that Defendant defrauded the residents, vendors, and employees of the nursing homes he owned, as well as Medicare and Medicaid, to support his lifestyle and to fund co-defendant Dynastar Development in its various development projects. If found guilty of these charges as alleged without the benefit of a plea

agreement, Defendant may have been liable for millions of dollars in restitution payments.

Defendant entered an agreement with the Government to plead guilty to health care fraud and pension fund fraud. In exchange for the guilty plea, the Government agreed to drop the remaining charges and agreed that restitution would be limited to the amount of money obtained from specified properties to be forfeited to the Government and sold. The properties are a tract of land in Folsom, Louisiana, equipment on that land, and a residence in Mandeville, Louisiana. This Court entered a preliminary order of forfeiture directing the U.S. Marshal to seize these properties and provide notice to third parties who may claim an interest in them. The Court entered a judgment against Defendant sentencing him to 37 months in prison and ordering him to pay restitution, the amount of which was expressly limited to the net proceeds from the sale of the properties forfeited to the Government as described in the Final Order of Forfeiture.

While resolving third-party claims and arranging for the sale of the properties the Government determined that the market value of the residence in Mandeville was less than the mortgage on it. The Government decided that, instead of paying off the mortgage and selling the property for a loss, it would seek to

release the property to the mortgage holder and drop that property from the Second Superseding Indictment. This Court entered a Final Order of Forfeiture in February 2006, forfeiting the tract of land in Folsom and the proceeds from the auction of the equipment, and dismissing the residence and approximately seven million dollars in money judgments from the Second Superseding Indictment. The Court later amended the Final Order of Forfeiture in August 2006 to acknowledge a third party interest and to dismiss a further 19.45 million dollar money judgment from the Second Superseding Indictment.

In October 2006, Defendant moved to enforce the plea agreement by compelling the Government to sell the Mandeville residence and pay off any shortfall in the mortgage amount with the proceeds from the sale of the other, more valuable, properties.

## DISCUSSION

When enforcing a plea agreement, the Court interprets the agreement like a contract. *U.S. v. Farias*, — F.3d —, 2006 WL 3093627, *2 (5th Cir. Nov. 2, 2006). The Court looks to the nature of the agreement and the Defendant's "reasonable understanding" of it. *Id.* Any ambiguity must be resolved against the Government. *Id.*

The parties ask the Court to interpret the effect of the following provisions of the plea agreement.

> The Government and the defendants agree that the restitution owed in this matter shall be paid from the proceeds of the sale of the following properties to be forfeited to the Government as set forth below: [description of Folsom land, equipment, and Mandeville residence]. The parties agree that the restitution sought from the defendant Borne in this matter will not exceed the total amount of money obtained from the sales of said forfeited properties. The parties further agree that the payment of proceeds from the sale of the forfeited property to Medicare represents full satisfaction of any money owed to Medicare arising from the conduct identified in the original, superseding and second superseding indictment and factual basis regardless of the actual disposition of the proceeds.

(Doc. 89 at 2-3.)

> Defendants further agree that the properties...shall be disposed of in a manner to be determined by the United States. The proceeds of the sales shall be used to satisfy any and all restitution amounts owed to victims....

(Doc. 89 at 4.)

Defendant directs the Court's attention to the first sentence quoted above, requiring that restitution "shall be paid from the proceeds of the sale" of the three specifically identified properties. Defendant argues that releasing the Mandeville residence to the mortgage holder violates the requirement that all the properties be sold. Defendant argues that the Government is required to aggregate the proceeds of the three sales, using the excess from the valuable properties to pay off the debt on the worthless property, and only then is the

4

Government permitted to pay restitution to his victims. Defendant argues that the sale of all three properties, including the over-mortgaged house, was specifically contemplated by the parties and that paying off the debt secured by the residence was an important consideration for him.

The Government's argument focuses on the provision that the properties "shall be disposed of in a manner to be determined by the United States". The Government also argues that the object of the agreement is to cap the amount of restitution owed, not to ensure that Defendant is debt-free.

As a preliminary matter, the Court notes that the Government has the statutory authority to release its interest in property that is subject to an order of restitution. *See* 18 U.S.C. § 3613(c) & (f) (indicating that the Government's interest in property forfeited pursuant to an order of restitution "continues for 20 years or until the liability is...set aside..."). Therefore, the Government is not required to take title to the Mandeville residence just because there has been an order of restitution forfeiting the property. The issue, as noted above, is one of contract interpretation and what actions the Government bound itself to perform under the plea agreement.

Although the requirement that the restitution be paid from the proceeds of the sale of the land, the equipment, and the

house could perhaps be interpreted as Defendant urges if read in isolation or in a different context, when read in the context of Defendant's plea agreement with the Government, the words will not bear the meaning Defendant seeks to impose.

First, the sentences following the sentence that Defendant relies upon establish that the object of that provision is to limit Defendant's liability for restitution, not to pay off his debts. The requirement that restitution be paid from the forfeiture and sale of the specified properties prevents the Government from seeking restitution from the forfeiture and sale of other properties. The following sentence prevents the Government from seeking more money than can be obtained from the sale. And the following sentence prevents the Government from seeking further restitution for Medicare, even if none of the proceeds actually go to Medicare. All three flow from one to the next to protect the Defendant from paying more restitution than can be gained from the sale of the specified properties. If, in addition to the protection that is the apparent object of the provision, Defendant sought to bind the Government to specific debt-management transactions, the agreement fails to reflect that.

Second, Defendant's interpretation results in a contradiction that does not exist when the sentence is read in

context. As noted, the agreement contains no specific provision that the Government must sell the house and pay off the remainder of the mortgage with the proceeds from the sale of the other properties. However, there is a specific provision that "Defendants further agree that the properties...shall be disposed of in a manner to be determined by the United States." To adopt Defendant's reading would effectively erase this clear and express grant of governmental discretion by means of unstated restrictions purportedly implied in an earlier provision.

Defendant's interpretation does not fit within the context of the agreement and would render a specific contradictory provision a nullity. Defendant's effort to impose detailed obligations by vague and contradictory implication is not a "reasonable understanding" of the plea agreement. This Court will not compel the Government to perform obligations to which it has not agreed.

## CONCLUSION

The Government did not agree to sell the Mandeville residence and pay off the remainder of Defendant's debt with the proceeds from the sale of the other properties.

Accordingly,

**IT IS ORDERED** that Defendant's Motion For An Order Requiring

7

The Government To Perform Under The Forfeiture Provision Of The

Plea Agreement And Sentence (Doc. 117) is **DENIED**.

    New Orleans, Louisiana this the  29th day of November, 2006.

                        CARL J. BARBIER
                        UNITED STATES DISTRICT JUDGE